UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VELOCITY CAPITAL GROUP LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>HUSSIAN COLLEGE, INC., JOSHUA DAVID FIGULI, and DAVID J. FIGULI,<br><br>                              Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, County of Nassau, Index No. 609977/2023 |

**TO:**    Clerk of the United States District Court for the Eastern District of New York

**PLEASE TAKE NOTICE THAT** Defendants Hussian College, Inc., Joshua David Figuli, and David J. Figuli (collectively, "Defendants"), hereby remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on Plaintiff, the only other party in this case, through Plaintiff's counsel of record and are being filed in the Supreme Court of the State of New York, County of Nassau.

**I.    INTRODUCTION**

1. Plaintiff commenced this action on June 23, 2023 by filing the Summons and Complaint in the Supreme Court of the State of New York, County of Nassau (the "State Court"), captioned as *Velocity Capital Group LLC v. Hussian College, Inc., et al.*, Index No. 609977/2023. A complete copy of all filings made in the State Court is attached hereto as Exhibit 1.

2. The Complaint seeks to recover monies based on breach of contract claims arising from the Plaintiff's purchase of Hussian College's future tuition payments with recourse to Hussian College and related guarantees by the two individual defendants.

3. Plaintiff seeks $360,553.05 plus 9% interest. Compl. ¶ 12.

4.  Plaintiff filed affidavits of service with the State Court stating that service upon each of the Defendants was effectuated "by certified mail, by depositing [the Summons and Complaint] in a sealed envelope with postage paid certified mail wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York designated for that purpose" on June 23, 2023.  *See* Exhibit 1.

5.  The United States Postal Service delivered the Summons and Complaint to each of the Defendants as indicated on the affidavits of service on June 26, 2023.  *See* Exhibit 2 (Package Tracking from usps.com).

6.  Because the time for Defendants to respond to the Complaint under New York law has not yet run, Defendants have not yet responded to the Complaint.

## II.   BASIS FOR REMOVAL

7.  Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000 exclusive of interest and costs.  This action could have originally been filed in this Court and is now properly removed.

### A.   *Complete Diversity of Citizenship Exists Among the Parties*

8.  The Plaintiff is a limited liability company formed under the laws of the State of New York with its principal place of business in Cedarhurst, New York.

9.  Defendants are unaware of all identities or citizenship of all of Plaintiff's members/managers.  Pursuant to this Court's Local Rule 81.1, Defendants state that the identities and citizenship of all of Plaintiff's members/managers is unknown to Defendants.  On information and belief, Jay Avigor founded Plaintiff in his home in Cedarhurst, NY.

10. Defendant Hussian College, Inc. is a corporation formed under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1500 Spring Garden Street, Suite 101, Philadelphia, Pennsylvania.

11. Defendant Joshua David Figuli is a natural person residing at 1040 Ellis Avenue, San Jose, California.

12. Defendant David J. Figuli is a natural person residing at 8697 Blue Creek Road, Evergreen, Colorado.

### B. *The Amount In Controversy Exceeds $75,000*

13. The Complaint alleges that Plaintiff is owed $360,553.05.  Compl. ¶ 12.

14. There is a rebuttable presumption that the face of the Complaint is a good faith representation of the "actual amount in controversy."  *Scherer v. The Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 398 (2d Cir. 2003).

15. Here, because the face of the Complaint contains the allegation that Plaintiff is seeking to recover more than $360,000, the amount in controversy is well in excess of the jurisdictional threshold of $75,000.

## III. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

16. Plaintiff has filed affidavits of service asserting that service was effectuated by sending the Summons and Complaint to Defendants through the U.S. Mail.  Plaintiff's affidavits of service assert that the mailings were made on June 23, 2023, the same day that Plaintiff commenced this case.  *See* Exhibit 1.

17. This Notice of Removal is timely filed because it is being filed less than 30 days after Plaintiff commenced this action and, therefore, less than 30 days from when Defendants could have received the initial pleading.  *See* Exhibit 1; Exhibit 2; 28 U.S.C. § 1446(b)(1) ("The notice

of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

18. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Eastern District of New York embraces Nassau County, New York. 28 U.S.C § 112(c).

19. There has been no previous application for the removal requested herein.

### IV. PRESERVATION OF RIGHTS AND DEFENSES

20. All rights are reserved, including without limitation, defenses and objections to the venue and personal jurisdiction and the right to move for dismissal of the Complaint. The filing of this Notice of Removal is subject to, and without waiver of, all defenses and objections.

21. Defendant reserves the right to supplement this Notice of Removal.

WHEREFORE, the Defendant respectfully gives notice that the above-captioned civil action pending in the Supreme Court of the State of New York, County of Nassau is removed to this Court pursuant to 28 U.S.C. § 1332, 1441, 1446 and 1447.

Dated: New York, New York
July 21, 2023

/s/ *Jeffrey M. Greilsheimer*
Jeffrey M. Greilsheimer
HALLORAN FARKAS + KITTILA LLP
600 Third Avenue, 2d Floor
New York, New York  10016
(917) 743-7019
jg@hfk.law

*Attorneys for Defendants Hussian College, Inc., Joshua David Figuli and David J. Figuli*