

**Jeffrey M. Greilsheimer**
Halloran Farkas + Kittila LLP
600 Third Avenue
New York, New York 10016
Phone: (646) 825-2390
Email: jg@hfk.law

March 12, 2025

**VIA ECF**

Hon. Nusrat J. Choudhury
United States District Court for the Eastern District
of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Velocity Capital Group LLC v. Hussian College Inc., et al.*, 23-cv-05562

Dear Judge Choudhury:

We represent Defendants Hussian College, Inc., David J. Figuli and Joshua David Figuli (collectively, "Defendants") in the above referenced action and write in response to the March 5, 2025 Pre-Motion Letter submitted by Arena Investors LP ("Arena") (ECF #32). For the reasons stated below, the Court should deny the relief sought by Arena and direct that Arena answer Defendants' claims.

The Complaint Pleads A Substantive RICO Violation

Arena argues that it should be dismissed from this case because the Complaint does not allege two predicate acts pursuant to 18 U.S.C. § 1961(5). RICO liability, however, arises from ***either*** "a pattern of racketeering activity" ***or*** the "collection of ***an*** illegal debt." *See* 18 USC § 1962. Defendants' RICO claim is based on Velocity's repeated collection of illegal debts. The debts at issue carried interest rates that were more than twice New York's legal limit of 25%. Thus, to the extent that Arena argues that it should be dismissed because a pattern of racketeering activity was not alleged, Arena misconstrues the Complaint.

"To state a RICO claim based on the collection of an unlawful debt, a plaintiff must allege that (1) the debt was unenforceable in whole or in part because of state or federal laws relating to usury, (2) the debt was incurred in connection with the business of lending money at a usurious rate, and (3) 'the usurious rate was at least twice the enforceable rate." *VNUE, Inc. v. LG Cap. Funding, LLC.*, 2024 WL 1349228, at *3 (E.D.N.Y. Jan. 12, 2024) (quoting *Dae Hyuk Kwon v. Santander Consumer USA*, 742 F. App'x 537, 539 (2d Cir. 2018)), *report and recommendation adopted sub nom. VNUE, Inc. v. LG Cap. Funding, LLC*, 2024 WL 1348706 (E.D.N.Y. Mar. 30, 2024). The Amended Complaint alleges all three elements, as it asserts that (1) the Loan is illegal

pursuant to New York's criminal usury law, (2) Velocity's business is lending money at criminally usurious rates and (3) the Loan's rate exceeded 127%--more than double New York's limit of 25%. Thus, because Defendants' RICO claim alleges that Arena was a knowing participant in an enterprise that collected illegal debts, the fact that it does not allege a pattern of racketeering activity is not relevant.

Arena Is A RICO Participant

The standard for determining if a defendant is a RICO participant, at the pleading stage, is low. *Alix v. McKinsey & Co.*, 2023 WL 5344892, at *8 (S.D.N.Y. Aug. 18, 2023) ("Generally, the 'operation or management' test typically has proven to be a relatively low hurdle for plaintiffs to clear, especially at the pleading stage."). Although the defendant must have "some part in directing or conducting the enterprise's affairs, RICO liability is not limited to upper management or those with primary responsibility for the enterprise's affairs." *Alix*, 2023 WL 5344892, at *8 (S.D.N.Y. Aug. 18, 2023). Indeed, "'the word 'participate' makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase 'directly or indirectly' makes clear that RICO liability is not limited to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). A defendant, therefore, does not need to have complete control over the affairs of the Enterprise—he or she must only play some part in directing the scheme." *Aghaeepour v. N. Leasing Sys., Inc.*, 2015 WL 7758894, at *5 (S.D.N.Y. Dec. 1, 2015), *order corrected on denial of reconsideration*, 2016 WL 828130 (S.D.N.Y. Feb. 25, 2016). Thus, "[e]ven lower rung participants in an enterprise who knowingly implement the decisions of upper management are liable." *Oak-Jin Oh v. Soo Bok Choi*, 2016 WL 11430442, at *8 (E.D.N.Y. Feb. 29, 2016).

"One is liable under RICO if he or she has discretionary authority in carrying out the instructions of the [conspiracy's] principals, or played some part in directing the affairs of the RICO enterprise." *Baisch v. Gallina*, 346 F.3d 366, 376-77 (2d Cir. 2003). Arena agreed to provide Velocity with a line of credit. It had discretion to fund (or not fund) the various draws that Velocity made on that line of credit. At the pleading stage, the mere fact that Arena could exercise its discretion to reject a draw against the line of credit that issued is sufficient. Exactly how Arena exercised that discretion and its internal procedures for approving the draws is a question of fact that is appropriate to explore during discovery.

Moreover, courts have found RICO allegations against defendants who provided the money necessary to fund illegal loans to be sufficient to plead a RICO claim. *See, e.g.*, *Lateral Recovery LLC v. Funderz.net, LLC*, 2024 WL 216533, at *15 (S.D.N.Y. Jan. 19, 2024). Moreover, supporting businesses that are not the enterprise can be liable as RICO participants where they choose to participate in the enterprise to obtain part of its ill-gotten gains. *Gov't Emps. Ins. Co. v. Direct RX Pharmacy Inc.*, 2021 WL 6494722, at *4 (E.D.N.Y. Dec. 16, 2021) (RICO allegations sufficient against pharmacist who knowingly filled unnecessary prescriptions), *report and recommendation adopted sub nom. Gov't Emps. Ins. Co. v. Delacruz-Gomez*, 2022 WL 125822 (E.D.N.Y. Jan. 13, 2022); *City of New York v. Hatu*, 2019 WL 2325902, at *13 (S.D.N.Y. May 31, 2019) (RICO adequately pled against cigarette supplier that was central to scheme and could have refused to supply cigarettes for illegal distribution).

Arena's Letter Does Not Address The Conspiracy Allegations Against Arena

Arena's only argument for dismissal of the conspiracy count is that the Defendants' claims do not state a claim for a RICO violation. As discussed above, Arena is wrong because Defendants allege that Velocity's business was the entry into loans that violate New York's usury law, that the rates it charged are felonious under New York law, and that the rate of the loans here at issue was more than double New York's lawful limit. *See VNUE*, 2024 WL 1349228, at *3.

Further, a RICO claimant "must allege that the defendant knew about and agreed to facilitate the scheme." *Baisch v. Gallina*, 346 F.3d 366, 377 (2d Cir. 2003) (citing *Salinas v. United States*, 522 U.S. 52, 66 (1997)). "[T]o be found guilty of RICO conspiracy, a defendant need only know of, and agree to, the general criminal objective of a jointly undertaken scheme." *United States v. Yannotti*, 541 F.3d 112, 122 (2d Cir. 2008). Defendants plead that Arena conducted diligence before deciding to extend a $50 million credit line to Velocity. Defendants further plead that as a result of that diligence, Arena learned that Velocity extends loans that carry interest rates in excess of 50%. As a means to share in the illegal profits generated by the enterprise, Arena agreed to facilitate the scheme by providing the line of credit to Velocity.

The Court Cannot Strike The Class Action Claims

With respect to Arena's argument that the Class Action allegations should be stricken, Defendants respectfully refer the Court to their March 6, 2025 letter. ECF #33. For the reasons stated therein, the class action allegations are proper.

Respectfully submitted,

/s/ *Jeffrey M. Greilsheimer*